# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## WACO DIVISION

|  |  |
|---|---|
| ALTO DYNAMICS, LLC,<br><br>        Plaintiff,<br><br>   v.<br><br>TRIPACTIONS, INC.,<br><br>        Defendant. | Case No. 6:22-cv-00576-ADA-DTG<br><br><br>**JURY TRIAL DEMANDED** |

## DEFENDANT TRIPACTIONS, INC.'S MOTION TO DISMISS
## PLAINTIFF ALTO DYNAMICS, LLC'S COMPLAINT
## FOR PATENT INFRINGEMENT

## <u>TABLE OF CONTENTS</u>

I.     INTRODUCTION ................................................................................................ 1

II.    FACTUAL BACKGROUND ............................................................................... 2

    A.    The Asserted Patents and Deficient Identification of Accused
           Instrumentalities .................................................................................... 2

    B.    The Complaint's Legally Deficient Claim for Direct Infringement ..................... 3

    C.    The Complaint's Legally Deficient Claim for Indirect Infringement ................... 3

    D.    The Complaint's Legally Deficient Claim for Willful Infringement .................... 4

    E.    Compliance with the Court's Meet and Confer Requirement and Alto's
           Refusal to Address Complaint Deficiencies ........................................... 4

III.    LEGAL STANDARD ......................................................................................... 5

IV.    ARGUMENT ...................................................................................................... 6

    A.    Alto Fails to Plausibly Plead Direct Infringement ............................................. 6

           1.    Alto does not sufficiently identify any allegedly-infringing
                    product, service, or functionality ............................................... 6

           2.    Alto's Complaint is devoid of factual support regarding how any
                    product, service, or functionality allegedly infringes ............... 7

    B.    Alto's Indirect and Willful Infringement Allegations Should be Dismissed ........ 9

           1.    Alto fails to adequately plead knowledge ............................................... 10

           2.    Alto fails to adequately plead post-suit induced infringement ............... 11

           3.    Alto fails to adequately plead post-suit contributory infringement ......... 12

            4.    Alto fails to adequately plead post-suit willful infringement ................. 13

V.    CONCLUSION .................................................................................................. 14

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Affinity Labs of Tex. LLC v. Toyota Motor N. Am. Inc.*,
  No. 6:13-CV-365, 2014 WL 2892285 (W.D. Tex. May 12, 2014) ..................................11, 12

*Alto Dynamics, LLC v. GoBrands, Inc. et al.*, No. 6:22-cv-00389-ADA,
  ECF No. 1 (W.D. Tex.)..................................................................................................3, 7

*Alto Dynamics, LLC v. Redfin Corp.*,
  No. 2:22-cv-00064-JRG, ECF No. 1 (E.D. Tex.) .................................................................2, 7

*Alto Dynamics, LLC v. Wayfair LLC*, No. 1:22-cv-00829,
  ECF No. 1 (W.D. Tex.)..................................................................................................3, 7

*Arigna Techs. Ltd. v. Apple Inc.*,
  No. 6:21-CV-00943-ADA, 2022 WL 3448747 (W.D. Tex. Aug. 16, 2022)..........................10

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009)................................................................................................. *passim*

*Bedrock Computer Techs., LLC v. Softlayer Techs. Inc.*,
  No. 6:09-CV-269, 2010 WL 5175172 (E.D. Tex. Mar. 29, 2010) .......................................6, 7

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007).............................................................................................................5

*In re Bill of Lading Transmission & Processing Sys. Patent Litig.*,
  681 F.3d 1323 (Fed. Cir. 2012).............................................................................................13

*BillJCo, LLC v. Apple Inc.*,
  No. 6:21-CV-00528-ADA, 2022 WL 299733 (W.D. Tex. Feb. 1, 2022)..........................10, 13

*Bot M8 LLC v. Sony Corp. of Am.*,
  4 F.4th 1342 (Fed. Cir. 2021) ...............................................................................................8

*De La Vega v. Microsoft Corp.*,
  No. W-19-CV-00612-ADA, 2020 WL 3528411 (W.D. Tex. Feb. 11, 2020)..........................9

*Edwin Vega v. Maxim Integrated Prod., Inc.*,
  No. 5:15-CV-1138-DAE,
  2016 U.S. Dist. LEXIS 191398 (W.D. Tex. Jun. 14, 2016) .................................................6, 7

*Estech Sys., Inc. v. Regions Fin. Corp.*,
  No. 6:20-CV-00322-ADA, 2020 U.S WL 6324321 (W.D. Tex. Oct. 28, 2020)......................6

*Flash Control, LLC v. Intel Corp.*,
  C.A. No 1:19-cv-1107 (W.D. Tex. Oct. 31, 2019), ECF No. 35 (Alright, J.) ........................14

*Flypsi, Inc. v. Google LLC*,
  No. 6:22-CV-0031-ADA, 2022 WL 3593053 (W.D. Tex. Aug. 22, 2022)..........................13

*Grecia Est. Holdings LLC v. Meta Platforms, Inc.*,
  No. 6:21-CV-00677-ADA,
  2022 WL 2019296 (W.D. Tex. June 6, 2022) (Albright, J.)...................................................8, 9

*Lifetime Indus., Inc. v. Trim-Lok, Inc.*,
  869 F.3d 1372 (Fed. Cir. 2017)..............................................................................................5

*Linear Tech. Corp. v. Impala Linear Corp.*,
  379 F.3d 1311 (Fed. Cir. 2004).............................................................................................11

*Parity Networks, LLC, v. Cisco Sys., Inc.*,
  No. 6:19-CV-00207-ADA, 2019 WL 3940952 (W.D. Tex. July 26, 2019)...........................14

*Rackley v. JPMorgan Chase Bank*,
  No. SA-11- CV-387-XR, 2011 WL 2971357 (W.D. Tex. Jul. 21, 2011)................................7

*Soar Tools, LLC v. Mesquite Oil Tools, Inc.*,
  No. 5:19-CV-243-H, 2020 WL 5500238 (N.D. Tex. Sept. 11, 2020) ......................................6

*Traxcell Techs., LLC v. Verizon Wireless Pers. Commc'ns, LP*,
  No. 6:20-CV-01175-ADA, 2022 WL 299732 (W.D. Tex. Jan. 31, 2022) .............................12

*VLSI Tech., LLC v. Intel Corp.*,
  No. 6:19-CV-000254-ADA, 2019 WL 11025759 (W.D. Tex. Aug. 6, 2019)....................4, 10

**Other Authorities**

Rule 12(b)(6)...................................................................................................................................10

## I.      INTRODUCTION

Plaintiff Alto Dynamics, LLC fails its burden to allege sufficient facts to support its claims that Defendant TripActions, Inc. directly, indirectly, and willfully infringes seven patents.  Alto's direct infringement allegations merely parrot claim language and declare, in conclusory fashion, that TripActions' *entire website* meets the limitations without identifying any specific feature or functionality that purportedly corresponds to any of the claimed requirements. By failing to identify what allegedly meets these limitations, Alto has not alleged sufficient facts that, when taken as true, state a plausible claim for relief.  Moreover, Alto's failure to identify the specific aspects within the website that meet these claim limitations deprives TripActions of notice and prejudices TripActions' ability to answer the Complaint or defend against Alto's claims. TripActions attempted to resolve that issue by requesting clarification from Alto through an amended complaint, but Alto refused to provide any further information about the accused functionality prior to infringement contentions.  Without notice of what specific conduct is being accused of infringement, TripActions had no option but to bring this motion.

Alto's indirect and willful infringement claims should also be dismissed.[1]  As an initial matter, the claims should be dismissed consistent with the Court's OGP, which recognizes that these types of claims require factual support that is not available to a plaintiff at the pleading stage. But if not procedurally dismissed, Alto's indirect and willful infringement allegations should be dismissed because Alto does not allege that TripActions had any pre-suit knowledge of the Asserted Patents and its allegations are mere recitations of legal standards and claim language with no factual support.

---

[1] Alto agreed to dismiss its *pre*-suit indirect and willful infringement claims only if TripActions did not challenge the remaining deficiencies with its Complaint.  TripActions asked that Alto stipulate to a dismissal of pre-suit allegations to narrow the issues before the Court, but Alto refused to do so.

## II.     FACTUAL BACKGROUND

### A.     The Asserted Patents and Deficient Identification of Accused Instrumentalities

Alto asserts seven patents against TripActions:   U.S. Patent Nos. 6,311,194 (the "'194 patent"); 6,662,190 (the "'190 patent"); 7,152,018 (the "'018 patent"); 7,392,160 (the "'160 patent"); 7,657,531 (the "'531 patent"); 8,051,098 (the "'098 patent"); and RE46,513 (the "'513 patent") (collectively, the "Asserted Patents").   According to the Complaint, the Asserted Patents are generally directed to "the viewing, searching, and saving of products of the user's choosing, generat[ing] semantic metadata, monitor[ing] usage patterns, track[ing] user activities and preferences (using, *e.g.,* cookies), provid[ing] website and user authentication (through *e.g.*, user login processes), provid[ing] secure communication sessions, and facilitat[ing] system resource access using secure temporary keys."  ECF No. 1 ("Compl.") ¶ 16.

Alto broadly defines the "Accused Instrumentalities" to be TripActions' *entire* website, and merely mimics claim language in the remainder of its definition:   "[b]ased upon public information, **TripActions owns, operates, advertises, and/or controls the website https://tripactions.com/ and associated hardware, software, and functionality** that among other features, allows the viewing, searching, and saving of products of the user's choosing, generates semantic metadata, monitors usage patterns, tracks user activities and preferences (using, *e.g.*, cookies), provides website and user authentication (through *e.g.,* user login processes), provides secure communication sessions, and facilitates system resource access using secure temporary keys (the "Accused Instrumentalities"), as claimed in the Asserted Patents."   Compl. ¶ 16 (emphasis added).[2]

---

[2] Alto follows the same tactic in each of its litigations involving the Asserted Patents, accusing each defendant's homepage and reciting the features allegedly disclosed in the Asserted Patents. *See Alto Dynamics, LLC v. Redfin Corp.*, No. 2:22-cv-00064-JRG, ECF No. 1 ¶ 17 (E.D. Tex.);

**B.     The Complaint's Legally Deficient Claim for Direct Infringement**

Then for each patent, Alto's conclusory direct infringement allegations merely repeat claim

elements without elaboration.   For example, the direct infringement allegations regarding the

'194 patent are reproduced below.   Paragraph 26 recites language copied directly from claim 1 of

the '194 Patent:

> 24.     Defendant has infringed the '194 patent by using, providing,
> supplying, or distributing the Accused Instrumentalities.
>
> 25.     Defendant has directly infringed and continues to indirectly
> infringe, either literally or under the doctrine of equivalents, at least claim 1 of the
> '194 patent.
>
> 26.     For example, the Accused Instrumentalities perform, and allow
> users to perform, a method for generating metadata associated with a data set
> residing on a storage system that comprises the steps of: (a) receiving a classifier
> associated with a data set; (b) retrieving WorldModel-based extraction information
> (as defined in 60/189,528), including at least one attribute identifier correlated with
> pattern information associated with the received classifier; (c) extracting metadata
> associated with the data set based upon the retrieved extraction information; and
> (d) storing in a data store the extracted metadata which is correlated with an
> identifier corresponding to the data set.

Compl. ¶¶ 24–26 (only the cross-reference parenthetical added); *compare* Compl. ¶ 26 *with* '194

patent, cl. 1.   Alto copies in claim language without factual support for each infringement

allegation.   *See id.* ¶¶ 39 ('190 patent), 52 ('018 patent), 70 ('160 patent), 88 ('531 patent), 101

('098 patent), 114 ('513 patent).

**C.     The Complaint's Legally Deficient Claim for Indirect Infringement**

Alto's indirect infringement allegations are also conclusory.   For all but two patents, Alto

couples its indirect infringement allegation with its assertion of direct infringement without even

specifying the form of indirect infringement (*i.e.*, whether induced or contributory): "Defendant

---

*Alto Dynamics, LLC v. GoBrands, Inc. et al.*, No. 6:22-cv-00389-ADA, ECF No. 1 ¶ 20 (W.D. Tex.) (accusing homepage and reciting features allegedly disclosed in asserted patents); *Alto Dynamics, LLC v. Wayfair LLC*, No. 1:22-cv-00829, ECF No. 1 ¶ 16 (W.D. Tex.) (same).

has directly infringed and **continues to indirectly infringe**, either literally or under the doctrine of equivalents, at least [representative claim] of the [select] patent." *See* Compl. ¶¶ 25 ('194 patent) (emphasis added), 38 ('190 patent), 51 ('018 patent), 87 ('531 patent), 113 ('513 patent). For the two remaining patents, Alto alleges induced and contributory infringement in similar paragraphs that each merely recites the elements of infringement with nothing more. *See* ¶¶ 53 ('018 patent, inducement), 54 ('018 patent, contributory), 71 ('160 patent, inducement), 72 ('160 patent, contributory). Alto has not alleged that TripActions had pre-suit knowledge of any of the Asserted Patents.

### D.     The Complaint's Legally Deficient Claim for Willful Infringement

Alto alleges willful infringement of the '018 and '160 patents. *See* Compl. ¶¶ 58, 76, 120(d). Alto contends that TripActions was aware of these patents as of the filing of the Complaint. *Id*. ¶¶ 55 ('018 patent), 76 ('160 patent). It also suggests without elaboration that TripActions was "objectively reckless as to the risk of infringing a valid patent and this objective risk was either known or should have been known by Defendant." *See id*. ¶¶ 57, 75. For each Asserted Patent, Alto contends in conclusory fashion that TripActions was willfully blind of Alto's patent rights because of "on information and belief . . . a policy or practice of not reviewing the patents others." Compl. ¶¶ 27, 40, 56, 74, 89, 102, 115. This Court has found similar allegations insufficient at the pleading stage. *See, e.g.*, *VLSI Tech., LLC v. Intel Corp.*, No. 6:19-CV-000254-ADA, 2019 WL 11025759, at *1 (W.D. Tex. Aug. 6, 2019) ("The Court finds that Intel's policy that forbids its employees from reading patents held by outside companies or individuals is insufficient to meet the test of willful blindness.").

### E.     Compliance with the Court's Meet and Confer Requirement and Alto's Refusal to Address Complaint Deficiencies

TripActions contacted Alto regarding the deficiencies of Alto's indirect infringement and

willfulness allegations and asked that Alto dismiss the allegations and file a joint notice as prescribed by Section VII of the Court's Standing Order Governing Proceedings (OGP) 4.1—Patent Cases (filed April 14, 2022). *See* Certificate of Compliance, *infra*. Although Alto initially agreed to dismiss without prejudice the *pre*-suit indirect and willful infringement claims, it later refused because TripActions maintained that the Complaint remains deficient in other respects. *Id.*

Specifically, TripActions explained that Alto's direct infringement allegations broadly accuse the entirety of TripActions' website and requested clarification to determine what specific product, service, or functionality Alto is accusing. *Id.* Alto declined, offering to provide additional information only after TripActions moved for relief. *Id.* Thus, TripActions moves to dismiss Alto's inadequate direct and pre- and post-suit indirect and willfulness allegations for failure to state a claim.

## III.  LEGAL STANDARD

To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The plausibility standard is not met unless the "plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* Thus, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* Additionally, a complaint must "place the alleged infringer on notice of what activity . . . is being accused of infringement." *Lifetime Indus., Inc. v. Trim-Lok, Inc.*, 869 F.3d 1372, 1379 (Fed. Cir. 2017) (internal citations and quotations marks omitted).

## IV.    ARGUMENT

### A.    Alto Fails to Plausibly Plead Direct Infringement

Alto's Complaint falls far short of the minimum pleading requirements articulated by *Twombly* and *Iqbal*.

### 1.    Alto does not sufficiently identify any allegedly-infringing product, service, or functionality

A complaint for patent infringement does not state a cognizable claim where the plaintiff has failed "to specifically name a product . . . that allegedly infringes the [patent]." *Edwin Vega v. Maxim Integrated Prod., Inc.*, No. 5:15-CV-1138-DAE, 2016 U.S. Dist. LEXIS 191398, at *7 (W.D. Tex. Jun. 14, 2016); *Soar Tools, LLC v. Mesquite Oil Tools, Inc.*, No. 5:19-CV-243-H, 2020 WL 5500238, at *3 (N.D. Tex. Sept. 11, 2020) ("District courts have interpreted *Twombly*, *Iqbal*, and *Disc Disease* to require a patent-infringement plaintiff to identify an accused product by name in most cases such that the defendant is on notice of what specific conduct is alleged to constitute infringement."); *Bedrock Computer Techs., LLC v. Softlayer Techs. Inc.*, No. 6:09-CV-269, 2010 WL 5175172, at *3 (E.D. Tex. Mar. 29, 2010) (granting motion to dismiss where allegation of direct infringement "does not identify any accused products, services, or methods or other infringing acts for the patent-in-suit").  "A plaintiff must provide enough information for the defendants to identify the accused products and how they infringe on the asserted patent." *Estech Sys., Inc. v. Regions Fin. Corp.*, No. 6:20-CV-00322-ADA, 2020 U.S. WL 6324321, at *2 (W.D. Tex. Oct. 28, 2020).

Here, Plaintiff's Complaint broadly accuses TripActions' *entire* "website https://tripactions.com/ and associated hardware, software, and functionality . . ." (Compl. ¶ 16), but does not identify any particular TripActions product, service, or functionality.  Instead, Alto

lists allegedly-infringing features that simply paraphrase the claim language.[3]  Tellingly, Alto identifies the same paraphrased claim language as allegedly-infringing features in its suits against other unrelated defendants, making no effort to tailor the allegations for each defendant.  *See Alto Dynamics, LLC v. Redfin Corp.*, No. 2:22-cv-00064-JRG, ECF No. 1 ¶ 17 (E.D. Tex.) (accusing defendant's homepage and listing paraphrased claim language as allegedly-infringing features); *Alto Dynamics, LLC v. GoBrands, Inc. et al.*, No. 6:22-cv-00389-ADA, ECF No. 1 ¶ 20 (W.D. Tex.) (same); *Alto Dynamics, LLC v. Wayfair LLC*, No. 1:22-cv-00829, ECF No. 1 ¶ 16 (W.D. Tex.) (same).  TripActions has no notice of what products, services, or functionalities are at stake and how they allegedly infringe merely from an identification of its entire homepage and a summary of the subject matter of the Asserted Patents.  Alto's direct infringement allegations should therefore be dismissed.  *See Vega*, 2016 U.S. Dist. LEXIS 191398, at *7; *Bedrock*, 2010 WL 5175172, at *3.

### 2.    Alto's Complaint is devoid of factual support regarding how any product, service, or functionality allegedly infringes

Even if Alto sufficiently identified a TripActions product, service, or functionality (it does not), there are no factual allegations in the Complaint of how that product, service, or functionality meets the claim limitations of the Asserted Patents.  "Where a complaint is devoid of facts that would put the defendant on notice as to what conduct supports the claim, the complaint fails to satisfy notice pleading requirements."  *Rackley v. JPMorgan Chase Bank*, No. SA-11- CV-387- XR, 2011 WL 2971357, at *2 (W.D. Tex. Jul. 21, 2011).  "[T]he tenet that a court must accept as

---

[3] Alto alleges these features "allow[] the viewing, searching, and saving of products of the user's choosing, generates semantic metadata, monitor[] usage patterns, tracks user activities and preferences (using, *e.g.,* cookies), provides website and user authentication (through *e.g.,* user login processes), provide[] secure communication sessions, and facilitate[] system resource access using secure temporary keys (the 'Accused Instrumentalities'), as claimed in the Asserted Patents."  Compl. ¶ 16.

true all of the allegations contained in a complaint is inapplicable to legal conclusions.  Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.  This Court has stated that "[t]he mere recitation of claim language [ ] is insufficient to assert a claim, even on a motion to dismiss."  *Grecia Est. Holdings LLC v. Meta Platforms, Inc.*, No. 6:21-CV-00677-ADA, 2022 WL 2019296, at *7 (W.D. Tex. June 6, 2022) (Albright, J.); *see also Bot M8 LLC v. Sony Corp. of Am.*, 4 F.4th 1342, 1353 (Fed. Cir. 2021) ("[A] plaintiff cannot assert a plausible claim for infringement under the *Iqbal/Twombly* standard by reciting the claim elements and merely concluding that the accused product has those elements.").

Alto's allegations of direct infringement are nothing more than a superficial parroting of claim elements.  As just one example, Alto's only "factual allegations" regarding the '194 patent are a formulaic recitation of claim 1.

| Alto's Allegations | Asserted Claim 1 |
|---|---|
| "For example, the Accused Instrumentalities perform, and allow users to perform, a method for generating metadata associated with a data set residing on a storage system that comprises the steps of:<br>(a) receiving a classifier associated with a data set;<br>(b) retrieving WorldModel-based extraction information (as defined in 60/189,528), including at least one attribute identifier correlated with pattern information associated with the received classifier;<br>(c) extracting metadata associated with the data set based upon the retrieved extraction information; and<br>(d) storing in a data store the extracted metadata which is correlated with an identifier corresponding to the data set."  Compl. ¶ 26 (emphasis added). | A method for generating metadata associated with a data set residing on a storage system, the method comprising the steps of:<br>(a) receiving a classifier associated with a data set;<br>(b) retrieving WorldModel-based extraction information including at least one attribute identifier correlated with pattern information associated with the received classifier;<br>(c) extracting metadata associated with the data set based upon the retrieved extraction information; and<br>(d) storing in a data store the extracted metadata which is correlated with an identifier corresponding to the data set.  '194 patent, claim 1 (emphasis added). |

Alto's allegations for the remaining Asserted Patents are similarly deficient.  *See* Compl. ¶¶ 39 ('190 patent), 52 ('018 patent), 70 ('160 patent), 88 ('531 patent), 101 ('098 patent), 114 ('513 patent).

Alto has done little more than identify the Asserted Patents and declare in a conclusory manner that TripActions infringes by reciting claim language and nothing more.  This Court has dismissed allegations when plaintiffs provided even more detail than Alto does here.  For example, this Court found a plaintiff's screenshots of defendant's system insufficient to surpass the requirement to state a claim upon which relief can be granted where there is no specific evidence of a particular claim element and no description of how those screenshots show that defendant performs the claim element.  *See, e.g.*, *De La Vega v. Microsoft Corp.*, No. W-19-CV-00612-ADA, 2020 WL 3528411, at *6 (W.D. Tex. Feb. 11, 2020) (dismissing allegations of direct infringement with prejudice where, *inter alia*, "Plaintiff only presented three screenshots of evidence without explaining how that evidence shows that [defendant] (and/or a third-party) performs the [claimed] step"); *Grecia*, 2022 WL 2019296, at *6–8 (dismissing with prejudice complaint despite it including claim charts).  Alto cites no alleged facts, let alone sufficient alleged facts, in the Complaint to "plausibly give rise to an entitlement to relief" as required under *Iqbal*.  *Iqbal*, 556 U.S. at 679.  Accordingly, Alto's direct infringement allegations should be dismissed.  *Grecia*, 2022 WL 2019296, at *7.

### B.    Alto's Indirect and Willful Infringement Allegations Should be Dismissed

Alto's indirect and willful infringement claims should be dismissed consistent with the Court's OGP or, separately, for failure to state a claim.  *First*, this Court recognizes that these types of claims often require factual support that is not available to a plaintiff at the pleading stage, and thus outlines a procedure to dismiss without prejudice those claims while sparing the parties and this Court motion practice.  *See* Standing Order Governing Proceedings (OGP) 4.1—Patent

Cases, Section VII (filed April 14, 2022) (requiring the parties to confer before a defendant moves to dismiss and requiring an agreement to dismiss be "filed as a joint notice *instead of as a motion*") (emphasis added). Consistent with that procedure, this Court recently granted a defendant's opposed motion to dismiss indirect and willful infringement claims in accordance with the OGP. *See Arigna Techs. Ltd. v. Apple Inc.*, No. 6:21-CV-00943-ADA, 2022 WL 3448747, at *2 (W.D. Tex. Aug. 16, 2022) (granting Rule 12(b)(6) motion without prejudice). The Court should do so here as well. **Second**, if these claims are not procedurally dismissed, they should be dismissed for the independent reason that none of them is plausibly pled and thus each fails to meet the federal pleading standard, as explained below.

### 1.    Alto fails to adequately plead knowledge

Nowhere in the Complaint does Alto allege that TripActions had pre-suit knowledge of any of the Asserted Patents. *See, e.g.*, Compl. ¶¶ 54, 71 (alleging indirect infringement always as being "[s]**ince at least the time of receiving this Complaint**"); *id.* ¶¶ 55, 73 (same for knowledge of the patent); *id.* ¶¶ 58, 76 (same for willful infringement). This Court has dismissed pre-suit claims even when there were allegations of a pre-suit notice letter. *See, e.g.*, *BillJCo, LLC v. Apple Inc.*, No. 6:21-CV-00528-ADA, 2022 WL 299733, at *3–5 (W.D. Tex. Feb. 1, 2022). And it should do so here when there are no allegations of pre-suit knowledge at all. To the extent Alto is relying on willful blindness to satisfy knowledge, as discussed above in Section II.D, *supra*, Alto's conclusory allegations that TripActions was willfully blind are insufficient at the pleading stage. *See VLSI*, 2019 WL 11025759, at *1. Indeed, apparently aware of the deficiencies of its pre-suit allegations, Alto was willing to dismiss its pre-suit claims just weeks ago. *See* Certificate of Compliance, *infra*. Alto's only reason for refusing to dismiss the same pre-suit allegations now—thus forcing TripActions and the Court to needlessly expend resources on this issue—is that TripActions is also moving to dismiss Alto's other deficient claims. That is not reason enough to

maintain these allegations, and the Court should therefore dismiss Alto's pre-suit claims.

## 2.  Alto fails to adequately plead post-suit induced infringement

To state a claim of induced infringement, a plaintiff must plead that the defendant "(1) had actual knowledge of the patent; (2) knowingly induced a third-party to infringe the patent; and (3) had specific intent to induce the patent infringement." *Affinity Labs of Tex. LLC v. Toyota Motor N. Am. Inc.*, No. 6:13-CV-365, 2014 WL 2892285, at *2 (W.D. Tex. May 12, 2014). "There can be no inducement or contributory infringement without an underlying act of direct infringement." *Linear Tech. Corp. v. Impala Linear Corp.*, 379 F.3d 1311, 1326 (Fed. Cir. 2004). Because Alto fails to adequately plead direct infringement, as explained above in Section IV.A, *supra*, it also fails to plead induced infringement. *Id*. Alto's induced infringement claims should be dismissed for that reason alone.

Even if Alto's direct infringement allegation were deemed sufficient, however, Alto fails to plead facts sufficient to show that a third party directly infringes any claim of any patent, that TripActions has any knowledge of that infringement, or that TripActions specifically intends to induce infringement.  *See* Compl.  ¶¶ 53 ('018 patent), 71 ('160 patent).  Instead, Alto declares these requirements are met without any alleged facts in support, merely listing general business operations that are agnostic to the asserted claims and alleging they are done "in an infringing manner":

> Defendant took active steps, directly or through contractual relationships with others, with the specific intent to cause them to use the Accused Instrumentalities in a manner that infringes one or more claims of the '018 patent [or '160 patent], including, for example, claim 1 of the '018 patent [or '160 patent].  Such steps by Defendant included, among other things, **advising or directing personnel, contractors, or end-users to make or use** the Accused Instrumentalities **in an infringing manner**; **advertising and promoting the use of** the Accused Instrumentalities **in an infringing manner**; or **distributing instructions that guide users to use** the Accused Instrumentalities **in an infringing manner**.

Compl. ¶ 53 ('018 patent) (emphasis added); *id*. ¶ 71 ('160 patent).  An inducement claim must

allege facts showing *how* inducement occurs. *Affinity Labs*, 2014 WL 2892285, at \*7. But Alto's generic allegations to "advising or directing," "advertising and promoting," and "distributing instructions" that guide users to use the "Accused Instrumentalities **in an infringing manner**" parallel the generic allegations to "marketing and sales tactics" rejected in *Affinity Labs*. *Id.* (emphasis added). This Court has held "[i]nstructing others to perform an action 'such to cause infringement' does not plead the intent required by law. *Traxcell Techs., LLC v. Verizon Wireless Pers. Commc'ns, LP*, No. 6:20-CV-01175-ADA, 2022 WL 299732, at \*4 (W.D. Tex. Jan. 31, 2022); *see also id.*, at \*1 ("This 'demanding specific intent requirement for a finding of induced infringement' requires more than 'unsubstantiated assertions.'") (citation omitted). Thus, Alto's bare post-suit induced infringement allegations should be dismissed.

### 3. Alto fails to adequately plead post-suit contributory infringement

To state a claim for contributory infringement, a plaintiff must allege sufficient facts to show "1) that there is direct infringement, 2) that the accused infringer had knowledge of the patent, 3) that the component has no substantial noninfringing uses, and 4) that the component is a material part of the invention." *Affinity Labs*, 2014 WL 2892285, at \*8 (citing *Fujitsu Ltd. v. Netgear Inc.*, 620 F.3d 1321, 1326 (Fed. Cir. 2010)). Because Alto fails to adequately plead direct infringement, *see* Section IV.A, *supra*, it also fails to plead contributory infringement. *Id.* Alto's contributory infringement claims should be dismissed for that reason alone.

Even if Alto's direct infringement allegations were deemed sufficient, however, Alto fails to plead any facts to support its contributory infringement claims. *See* Compl. ¶¶ 54 ('018 patent), 72 ('160 patent). Alto alleges TripActions contributes to direct infringement of the '018 and '160 patents "by personnel, contractors, customers, and other end users **by encouraging them to use the Accused Instrumentalities to perform the steps of the patented process** as described in one or more claims of the '018 [and '160] patent[s]." *Id.* (emphasis added). That allegation, however,

amounts to little more than a generic recitation of the legal standard for contributory infringement without any alleged facts in support and thus should be rejected.  *See Iqbal*, 556 U.S. at 678 (2009) (Courts "are not bound to accept as true a legal conclusion couched as a factual allegation.").

Further, Alto fails to allege any facts to support its contentions that the accused instrumentality has no substantial non-infringing use or is material to practicing the claimed invention.  *See* Compl. ¶¶ 54 ('018 patent), 72 ('160 patent).  For each patent, Alto instead uses the same generic language:  "The Accused Instrumentalities have special features that are specially designed to be used in an infringing way and that have no substantial uses other than ones that infringe one or more claims of the '018 [and '160] patent[s], including, for example, claim 1 of the '018 [and '160] patent[s]."  *Id*.  But it is insufficient to assert "nothing more than 'if you use this device to perform the patented method, the device will infringe and has no noninfringing uses.'"  *In re Bill of Lading Transmission & Processing Sys. Patent Litig.*, 681 F.3d 1323, 1339 (Fed. Cir. 2012) (affirming dismissal of contributory infringement claims). Alto also fails to identify any purported "special features," alleging only that special features include "the method recited in claim 1" or that the "special features constitute a material part of the invention," Compl. ¶¶ 54, 72, which are merely "legal conclusion[s] couched as a factual allegation."  *Iqbal*, 556 U.S. at 678.  This Court has rejected similarly bare allegations.  *See BillJCo*, 2022 WL 299733, at *9 (disregarding conclusory allegation of no substantial noninfringing use and dismissing post-suit contributory infringement claim); *Flypsi, Inc*. *v. Google LLC*, No. 6:22-CV-0031-ADA, 2022 WL 3593053, at *7 (W.D. Tex. Aug. 22, 2022) (dismissing contributory infringement claims where plaintiff's allegations "simply summarize the functionality recited in the claims of the Patents-in-Suit.").  Thus, Alto's contributory infringement allegations should be dismissed.

### 4.      Alto fails to adequately plead post-suit willful infringement

To adequately plead willful infringement, Alto must allege that TripActions "(1) knew of

the patent-in-suit; (2) after acquiring that knowledge, it infringed the patent; and (3) in doing so, it knew, or should have known, that its conduct amounted to infringement of the patent. Further, a plaintiff should plead willfulness with sufficient articulation of the relevant facts." *Parity Networks, LLC, v. Cisco Sys., Inc.*, No. 6:19-CV-00207-ADA, 2019 WL 3940952, at *3 (W.D. Tex. July 26, 2019) (internal quotation and citation omitted). Alto has not done so.

A willfulness claim still requires knowledge of the patents and **knowledge of infringement**. *See, e.g.*, *Flash Control, LLC v. Intel Corp.*, C.A. No 1:19-cv-1107 (W.D. Tex. Oct. 31, 2019), ECF No. 35 (Alright, J.) (dismissing without prejudice allegations regarding post-suit willfulness and citing to its decision in *Parity Networks* as the standard for sufficient allegations) (emphasis added). As explained, the vague and conclusory allegations against the entirety of TripActions' website prevent TripActions from analyzing the merits of Alto's claims, *see* Section IV.A, *supra*, and thus TripActions does not and cannot have knowledge that its conduct infringes any of the asserted patents. Alto's complaint therefore fails to plead sufficient facts to establish the third-prong of a willful infringement claim, *i.e.,* that TripActions knew, or should have known, that its conduct amounted to infringement of the patent, Alto's claim for post-suit willful infringement should be dismissed.

## V.    CONCLUSION

For the foregoing reasons, TripActions requests that the Court dismiss Alto's Complaint.

DATED:      August 31, 2022

*/s/ Brian C. Nash*
Brian C. Nash, TX Bar No. 24051103
BNash@mofo.com
Austin M. Schnell, TX Bar No. 24095985
ASchnell@mofo.com
MORRISON & FOERSTER LLP
701 Brazos Street, Suite 1100
Austin, TX 78701
Telephone: 737.309.0700
Facsimile: 737.910.0730

Bita Rahebi (*pro hac vice*)
BRahebi@mofo.com
Rose S. Lee (*pro hac vice*)
Roselee@mofo.com
Nima I. Kiaei (*pro hac vice*)
NKiaei@mofo.com
MORRISON & FOERSTER LLP
707 Wilshire Blvd, Suite 6000
Los Angeles, CA 90017-3543
Telephone: 213.892.5200
Facsimile: 213.892.5454

**Counsel for Defendant TripActions, Inc.**

## <u>CERTIFICATE OF COMPLIANCE</u>

In accordance with this Court's Standing Order Governing Proceedings (OGP) 4.1—Patent Cases (filed April 14, 2022), the undersigned hereby certifies that counsel for Defendant conferred with counsel for Alto in multiple email exchanges over several weeks and via video conference on August 18, 2022, to discuss dismissing indirect and willful infringement allegations without prejudice and TripActions' request that Alto identify specific features or functionalities that purportedly infringe the Asserted Patents.  Alto initially agreed to dismiss without prejudice the *pre*-suit indirect and willful infringement claims, but it later declined to dismiss any of its indirect and willful infringement claims or to identify in an amended complaint the specific features or functionalities that purportedly infringe the Asserted Patents.

*/s/ Brian C. Nash*
Brian C. Nash

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system on August 31, 2022.

/s/ *Brian C. Nash*
Brian C. Nash